1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| RICHARD E. HODGES, | CASE NO. 16cv2905-GPC(RBB) |
|---|---|

11

| Plaintiff, | **ORDER** |
|---|---|

12

| v. | **1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
|---|---|

13

**[Dkt. Nos. 2, 4]**

14

JUDGE RICHARD E.L. STRAUSS;
JUDGE JOEL M. PRESSMAN;
STATE OF CALIFORNIA
ASSEMBLY; GOVERNOR OF THE
STATE OF CALIFORNIA

**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

15
16
17

Defendants.

18

19        On November 29, 2016, Plaintiff Richard E. Hodges, ("Plaintiff"), proceeding

20    pro se, filed a complaint against Defendants Judge Richard E.L. Strauss, Judge Joel M.

21    Pressman, State of California Assembly, and the Governor of the State of California.

22    (Dkt. No. 1.)  Plaintiff also names as Defendants in Interest, Ace Parking Inc., Scott

23    Jones, Mike Wilson and Ian Pollard.  Plaintiff concurrently filed a motion to proceed

24    *in forma pauperis* ("IFP"), which was amended on December 1, 2016.  (Dkt. No. 4.)

25    Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed IFP

26    and sua sponte DISMISSES Plaintiff's complaint for failure to state a claim on which

27    relief may granted.

28    / / / /

## Discussion

**A.      Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).   The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submitted an amended affidavit reporting that he is currently unemployed since he is retired. (Dkt. No. 4.) He receives retirements benefits of $1073.00 per month plus $187.00 per month in food stamps for a total income of $1,260.00 .  (Id. at 2.)  He has about $124 in his bank accounts.  (Id. at 3.)  Plaintiff reports no assets such as a home or a vehicle. (Id. at 3-4.)  He has living expenses of about $1108.00 per month.  (Id. at 5.)  Based on this information, the Court GRANTS Plaintiff's motion for leave to proceed IFP.

**B.      Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

1  relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
2  Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
3  § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-
4  27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed
5  pursuant to the IFP provisions of 28 U.S.C. § 1915 make and rule on its own motion
6  to dismiss before directing that the complaint be served by the U.S. Marshal pursuant
7  to Federal Rule of Civil Procedures 4(c)(2). Lopez, 203 F.3d at 1127.

8       Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short
9  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
10  Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff
11  must plead sufficient facts that, if true, "raise a right to relief above the speculative
12  level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim
13  upon which relief may be granted "a complaint must contain sufficient factual matter,
14  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.
15  Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is
16  facially plausible when the factual allegations permit "the court to draw the reasonable
17  inference that the defendant is liable for the misconduct alleged." Id. In other words,
18  "the non-conclusory 'factual content,' and reasonable inferences from that content,
19  must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.
20  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint
21  states a plausible claim for relief will . . . be a context-specific task that requires the
22  reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S.
23  at 679.

24       Plaintiff's complaint challenges the unfavorable rulings of the state court judges
25  that presided over his complaint in state court for wrongful termination/racial
26  discrimination, harassment, retaliation and age discrimination against his former
27  employer.

28       "Anglo-American common law has long recognized judicial immunity, a

'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" In re Castillo, 297 F.3d 940, 947 (9 Cir. 2002) (quoting Forrester v. White, 484 U.S. 219, 225 (1988)). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives[.]" Castillo, 297 F.3d at 947. Even if a judge acts in excess of judicial authority, he or she is not deprived of immunity. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996). The immunity promotes the use of the appellate procedure to correct judicial error and discourages collateral attacks on final judgments. Castillo, 297 F.3d at 947.

Here, the complaint alleges a 42 U.S.C. § 1983 cause of action based on rights violated under the United States Constitution and the State of California Constitution, including Fair Employment and Housing Act ("FEHA"). His claims are based on the unfavorable rulings of Judges Strauss and Pressman in his state court case. Because Judges Strauss and Pressman were engaged in acts of judicial decision making, they are absolutely immune from liability. Therefore, Plaintiff's complaint must be dismissed as to Defendants Strauss and Pressman.

As to Defendants California State Assembly and Governor of California, Plaintiffs allege that the California State Assembly is the body that promulgated and is responsible for the laws that Judges Strauss and Pressman relied on to unlawfully deprive Plaintiff of his rights and privileges under the U.S. and State Constitutions. (Dkt. No. 1, Compl. ¶¶ 9, 16.) He also alleges that the Governor is responsible because he signed into law what the California State Assembly promulgated. (Id. ¶¶ 9, 17.)

Federal, state and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998). Plaintiff's complaint against the California State Assembly is predicated on its role in promulgating the laws that ultimately dismissed his state court complaint. Therefore,

[16cv2905-GPC(RBB)]

the California State Assembly is entitled to absolute immunity.

Finally, "a governor is entitled to absolute immunity for the act of signing a bill into law." <u>Nichols v. Brown</u>, 859 F. Supp. 2d 1118, 1132 (C.D. Cal. 2012) (citing <u>Torres–Rivera v. Calderon–Serra</u>, 412 F.3d 205, 213 (1st Cir.2005) ("[A] governor who signs into law or vetoes legislation passed by the legislature is also entitled to absolute immunity for that act."); <u>Women's Emergency Network v. Bush,</u> 323 F.3d 937, 950 (11th Cir. 2003) ("Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law.")).  Here, the Complaint seeks to hold the Governor liable based on his signing into law the laws promulgated by the legislature that were relied upon by Judges Strauss and Pressman.  Therefore, the Governor of California is absolutely immune.

Accordingly, the Court DISMISSES Plaintiff's complaint with prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because absolute immunity bars claims against judges, legislators and governors in their official duties, the deficiencies in the complaint cannot be cured by amendment.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect").

### Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's complaint with prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED:  December 14, 2016

HON. GONZALO P. CURIEL
United States District Judge

[16cv2905-GPC(RBB)]